## UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF FLORIDA

Case No.:

ERIC ROGERS,

                         Plaintiff

v.

HERSHA HOSPITALITY
MANAGEMENT, L.P., a Delaware limited
liability company,

                         Defendant.

_____/

**DEFENDANT'S NOTICE OF
REMOVAL PURSUANT TO 28 U.S.C. §
1441(A)**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF ERIC
ROGERS AND HIS ATTORNEYS OF RECORD**:

      PLEASE TAKE NOTICE that Defendant HERSHA HOSPITALITY
MANAGEMENT, L.P. ("DEFENDANT") have been named and served as Defendant in the
above-captioned matter. DEFENDANT now removes the action from the Superior Court of
Florida, Broward County, to the United States District Court for the Southern District of
Florida pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of
Removal, DEFENDANT states as follows:

### PROCEDURAL HISTORY

      1.     Plaintiff Eric Rogers ("Rogers" or "Plaintiff") commenced this action by filing
a Complaint captioned *Eric Rogers v. Hersha Hospitality Management, L.P.*, Case No.
COCE-24-063442

-1-

in the in the Florida County Court for Broward County (the "State Court Action") on October 17, 2024.

2.      Plaintiff served DEFENDANT with a Summons and the Complaint on October 23, 2024.  Pursuant to 28 U.S.C § 1446(a), true and correct copies of the "process, pleadings, and orders" served upon Defendant, including the Summons and Complaint are attached to this Notice as Exhibit 1.

3.      The Florida Court for Broward County is located within the Southern District of Florida.

 (28 U.S.C. § 84(c)). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. §1441(a).

## ALLEGATIONS IN THE COMPLAINT

4.      In the Complaint filed in the State Action, Plaintiff claims that Defendant's identification and description of its accessible features deny him the opportunity to assess whether Defendant's hotel meets his accessibility needs and that he cannot make reservations for accessible guest rooms in the same manner as guests without disabilities in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*. ("ADA") (First Cause of Action) and the New York State Human Rights Law, N.Y. Exec. Law § 297 (Second Cause of Action) and the New York City Human Rights Law (Third Cause of Action).

5.      Defendant disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff has been harmed in any way by any act or omission of Defendant.

## GROUNDS FOR REMOVAL

6.      Plaintiff's claims are based, in part, on alleged violations of federal law as Count I of the Complaint alleges violations of the ADA.

7.      Because this action involves claims under the ADA, this Honorable Court has

original jurisdiction pursuant to 28 U.S.C. § 1331 based upon the existence of a Federal Question and this action is subject to removal under 28 U.S.C. § 1441.

8.      Pursuant to 29 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Southern District of Florida, which is the District in which the State Action was filed and is presently pending.

10.     This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) as it was filed within thirty (30) days after Plaintiff served Defendant with the Complaint and indeed, within 30 days of the commencement of the State Court Action.

11.     After filing this Notice of Removal, Defendant will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Florida County Court for Broward County in accordance with 28 U.S.C. § 1446(d).

12.     Defendant is unaware of any other parties who have been named or who have appeared in the underlying State Court Action.

## NON-WAIVER OF DEFENSES

13.     By removing this action from Florida County Court, Defendant does not waive any defenses available to it.

14.     By removing this action from Florida County Court, Defendant does not admit any of the allegations in Plaintiff's Complaint.

## CONCLUSION

15.     For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Accordingly, this action is removable pursuant to 28 U.S.C. § 1441.

///

///

WHEREFORE, Defendant requests the Court accept this Notice of Removal of this matter to the United States District Court for the Southern District of Florida.

Dated: November 11, 2024            Respectfully submitted,

DAWN M. RAPOPORT, P.A.

/s/*Dawn M. Rapoport*
Dawn M. Rapoport, Esq.
FBN: 13176
1314 E Las Olas Blvd. #121
Fort Lauderdale, FL 33301
Phone: (754) 333-1105
Primary email: dawn@rapoportlawgroup.com
*Counsel for Defendant*

**Exhibit 1**

Filing # 208691260 E-Filed 10/14/2024 10:19:36 AM

**IN THE COUNTY COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

ERIC ROGERS, *an individual*,                    CASE NO.:  COCE-24-063442

        Plaintiff,

vs.

HERSHA HOSPITALITY MANAGEMENT,
L.P., a Delaware limited liability company,

        Defendant.

_____/

OCT 23 2024

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on **Defendant**:

           **HERSHA HOSPITALITY MANAGEMENT, L.P.**
           By Serving its Registered Agent:
           Cogency Global Inc.
           115 North Calhoun St., Suite 4
           Tallahassee, FL 32301

      Each defendant is required to serve written defenses to the complaint on **NOLAN KLEIN, ESQUIRE,** Plaintiff's attorney, whose address is:

        **Law Offices of Nolan Klein, P.A.**
        **1213 S.E. Third Ave.**
        **Fort Lauderdale, FL 33316**
        **Tel:  (954) 745-0588**

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      WITNESS my hand and seal of said Court _____OCT 21 2024_____.

           BRENDA D. FORMAN,
           As Clerk of said Court

           _____
           By: Deputy Clerk

           BRENDA D. FORMAN

## AMERICANS WITH DISABILITIES ACT

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days.  If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711."

## RETURN OF SERVICE

| State of Florida | County of Broward | Circuit Court |
|---|---|---|

Case Number: COCE-24-063442

Plaintiff:
**ERIC ROGERS, an individual,**

vs.

Defendant:
**HERSHA HOSPITALITY MANAGEMENT,
L.P., a Delaware limited liability company,**



KDY2024047388

For:
LAW OFFICES OF NOLAN KLEIN, P.A.
1213 S.E. 3RD AVE.
FORT LAUDERDALE, FL 33316

Received by WILLIAM RISER on the 21st day of October, 2024 at 1:54 pm to be served on **HERSHA HOSPITALITY MANAGEMENT, L.P. BY SERVING ITS REGISTERED AGENT: COGENCY GLOBAL INC, 115 NORTH CALHOUN ST, SUITE 4, TALLAHASSEE, FL 32301.**

I, WILLIAM RISER, do hereby affirm that on the **23rd day of October, 2024 at 12:25 pm, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** Served the within named business entity by delivering a true copy of **SUMMONS, COMPLAINT, FIRST REQUEST FOR PRODUCTION, FIRST REQUEST FOR ADMISSION, NOTICE OF SERVING FIRST SET OF INTERROGATORIES and FIRST SET OF INTERROGATORIES** to: **JANICE DORVIL** as SERVICE OF PROCESS ANALYST 1, an employee of the Registered Agent after confirming the Registered Agent was not in the office or was otherwise unavailable, pursuant to the requirements of Fla. Stat. 48.091, and informed said person of the contents therein, at **115 N. CALHOUN STREET, SUITE 4, TALLAHASSEE, FL 32301.** on behalf of **HERSHA HOSPITALITY MANAGEMENT, L.P.**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the process was served. "under penalties of perjury, I declare that I have read the foregoing document and that the facts are true" f.s.92.525. Notary not required pursuant to fs 92.525

**Description** of Person Served: Age: 28, Sex: F, Race/Skin Color: BLACK, Height: 5'7", Weight: 180, Hair: BLACK, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. "Under penalties of perjury, I declare that I have read the foregoing document and that the facts are in it are true" F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO FS 92.525

**WILLIAM RISER**
288

**KD PROCESS
2957 CAPITAL PARK DRIVE
SUITE # 7
TALLAHASSEE, FL 32301
(850) 727-4363**

Our Job Serial Number: KDY-2024047388

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Filing # 208691260 E-Filed 10/14/2024 10:19:36 AM

IN THE COUNTY COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ERIC ROGERS, *an individual,*                        CASE NO.:  COCE-24-063442

             Plaintiff,

vs.

HERSHA HOSPITALITY MANAGEMENT,
L.P., a Delaware limited liability company,

             Defendant.

_____/

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

        YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
in this action on **Defendant**:

                    **HERSHA HOSPITALITY MANAGEMENT, L.P.**
                    By Serving its Registered Agent:
                    Cogency Global Inc.
                    115 North Calhoun St., Suite 4
                    Tallahassee, FL 32301

        Each defendant is required to serve written defenses to the complaint on **NOLAN KLEIN,
ESQUIRE,** Plaintiff's attorney, whose address is:

        **Law Offices of Nolan Klein, P.A.**
        **1213 S.E. Third Ave.**
        **Fort Lauderdale, FL 33316**
        **Tel:  (954) 745-0588**

within twenty (20) days after service of this summons on that defendant, exclusive of the day of
service, and to file the original of the defenses with the clerk of this court either before service on
plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered
against that defendant for the relief demanded in the complaint or petition.

        WITNESS my hand and seal of said Court _____OCT 21 2024_____.

                                    BRENDA D. FORMAN,
                                    As Clerk of said Court

                                    _____
                                    By: Deputy Clerk

                                    **BRENDA D. FORMAN**

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 10/14/2024 10:19:34 AM.****

<u>**AMERICANS WITH DISABILITIES ACT**</u>

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days.  If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711."**

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Eric Rogers</u>
 Plaintiff

Case # _____
Judge _____

vs.

<u>Hersha Hospitality Management, L.P.</u>
 Defendant

## II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☒  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

## III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 10/11/2024 11:31:46 AM.****

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY – PUBLIC ACCESS

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>3</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Nolan K Klein</u>      Fla. Bar # <u>647977</u>
    Attorney or party      (Bar # if attorney)

<u>Nolan K Klein</u>      <u>10/11/2024</u>
  (type or print name)      Date

- 3 -

Docusign Envelope ID: 9993EFA4-074E-4AD2-A5CE-E78EDDD6FF97

Filing # 208619221 E-Filed 10/11/2024 11:31:48 AM

**IN THE COUNTY COURT OF THE 17th JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

ERIC ROGERS, *an individual,*                                    CASE NO.:

        Plaintiff,

vs.

HERSHA HOSPITALITY MANAGEMENT,
L.P., a Delaware limited liability company,

        Defendant.

_____/

## COMPLAINT

Plaintiff, ERIC ROGERS, (hereinafter "Plaintiff"), sues Defendant, HERSHA

HOSPITALITY MANAGEMENT, L.P. (hereinafter "Defendant") for injunctive relief, attorneys'

fees, and litigation costs, including but not limited to disbursements, court expenses, and other

fees, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA") and the

ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief

and damages, pursuant to the New York State Human Rights Law, the New York City Human

Rights Law, and alleges:

## INTRODUCTION

1.      Defendant owns and/or operates that certain hotel known as THE TILLARY

HOTEL, located at 85 Flatbush Ave. Extension, New York, NY 11249 (the "Hotel"). The Hotel

has a website located at www.tillaryhotelnyc.com (the "Website"). The Hotel takes reservations

through the Website and provides information regarding available guestrooms and amenities.

2.      As of March 15, 2012, Defendant was required to ensure that all of its reservation

systems, including its online reservation systems (a) identify and describe disabled accessible

features of the Hotel in detail; (b) identify and describe disabled accessible features of ADA

compliant guest rooms in detail; (c) permit disabled individuals to independently assess whether the Hotel and its available guestrooms meet their individual accessibility needs (by describing accessible and inaccessible features); and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms.[1] Defendant has not complied. This lawsuit follows.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C., §§1331, 1343, as Plaintiff's claims arise under 42 U.S.C. §12181. et seq., based upon the enumerated violations of Title III of the Americans with Disabilities Act (*see also*, 28 U.S.C. §§ 2201 and 2202).

4.      This Court has supplemental jurisdiction over Plaintiff's claims arising under New York State law pursuant to 28 U.S.C.S. §1367(a).

5.      This Court has personal jurisdiction over Defendant in this action. Defendant owns or operates the Website, which is an interactive website through which Defendant has consummated financial transactions (reservations and payments) with customers, including, on information and belief, customers from Florida. Additionally, while located outside of Florida, Defendant clearly violated Plaintiff's civil rights inside of Florida, as set forth more fully below.

6.      Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims here at issue occurred in this District; Plaintiff encountered Defendant's ADA violations while he was in this District.

## PARTIES

---

[1] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l). These requirements apply not only to the Website, but also to every online reservation system on which reservations can be made to stay at the Hotel, including orbitz.com, travelocity.com, hotels.com, and others.

2

7.      At all times material hereto, Plaintiff, ERIC ROGERS, was and is over the age of 18 years, sui juris, and a resident of Broward County, Florida.

8.      Plaintiff has at all material times suffered from a "qualified disability" under the ADA.

9.      Plaintiff has been diagnosed with paraplegia. He has no use of his legs and uses a wheelchair for mobility purposes.

10.     Plaintiff is from the New York City area and has friends and family living in New York City and its surroundings areas. Plaintiff frequently travels to New York City to visit friends and family and uses the internet to search for hotels that can accommodate his disability during his travels. Plaintiff is also an advocate and tester for the rights of the disabled and independently of his need to locate a book accessible hotel accommodations, brings this lawsuit to enforce civil rights laws intended to benefit himself and those with similar disabilities.

11.     Defendant is a Pennsylvania limited partnership that owns and operates the Hotel, conducting and has control over the content of the Website, including Hotel information and reservations. Defendant is registered to do business in Florida, maintains a Florida registered agent, and owns and/or operates multiple hotels in this District.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

12.     On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the

Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l)- (4).

13.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), revised regulations for Title III of the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging were required to conform to these revised regulations on or before March 15, 2012.

14.     On March 15, 2012, the revised regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –
>
> > (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> >
> > (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> >
> > (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> >
> > (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> >
> > (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the

> reserving customer, regardless of whether a specific room
> is held in response to reservations made by others.

15.     In promulgating the new requirements, the Department of Justice made clear that
individuals with disabilities should be able to reserve hotel rooms with the same efficiency,
immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36,
Appx. A.*

16.     Hotels (and motels) are required to identify and describe all accessible features in
the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities
receive information they need to benefit from the services offered by the place of lodging." 28
C.F.R. Part 36, Appx. A. Moreover, "a public accommodation's designation of a guestroom as
"accessible" does not ensure necessarily that the room complies with all of the 1991 Standards."
28 C.F.R. Part 36, Appx. A. Labeling a guestroom as "accessible" or "ADA" is not sufficient.

17.     In addition,

> hotel rooms that are in full compliance with current
> standards may differ, and individuals with
> disabilities must be able to ascertain which features
> – in new and existing facilities – are included in the
> hotel's accessible guest rooms. For example, under
> certain circumstances, an accessible hotel bathroom
> may meet accessibility requirements with either a
> bathtub or a roll in shower. The presence or absence
> of particular accessible features such as these may
> mean the difference between a room that is usable by
> a particular person with a disability and one that is
> not.

28 C.F.R. Part 36, Appx. A.

18.     Accordingly, Defendant is required to set forth specific accessible features and not
merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or
may not) be offered within a particular room.

19.     For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. 28 C.F.R. Part 36, Appx. A.

20.     However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum:

> information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added].

*28 C.F.R. Part 36, Appx. A*

21.     The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Hotel is in a building constructed prior to the 1991 Standards.

22.     The Website (and all other online reservation platforms used by the Hotel) allow reservations for the Hotel to be taken online. The Defendant has control over information provided to the public about the Hotel through the Website and/or other online platforms.

23.     It is critically important to Plaintiff that any hotel at which he stays is accessible to him, which takes some research. Plaintiff frequently researches and assesses the accessible features and guestrooms of hotels online, which is the fastest, easiest, and most convenient way for him to do so, in furtherance of any planned trips.

6

Docusign Envelope ID: 9993EFA4-074E-4AD2-A5CE-E78EDDD6FF97

24.     Prior to filing this lawsuit, Plaintiff visited the Website to learn about accessible features of the Hotel, and to independently assess whether the Hotel is accessible to him, and whether he could independently reserve an accessible room at the Hotel, in the same manner as those seeking to reserve non-accessible rooms. Upon his visit, Plaintiff discovered that the Website does not comply with the ADA and ADAAG, the website did not provide him with sufficient accessibility information or allow for the reservation of an accessible room (with known accessibility features). The Website provided information and takes reservations related to non-accessible guestrooms, but not accessible guestrooms.

25.     The Website's homepage contains no information about the Hotel's ADA compliance in the Hotel's common areas or room accessibility.

26.     Upon selecting the "*Rooms & Suites*" page, the Website offers the option to view the available guestroom types in more detail. When selected, there are descriptions for the Classic Queen, Classic King, Classic Full Room, Classic Double, ADA King, ADA Twin, King with Patio, King, Suites: King with Patio, Large Suite with French Doors, One Room Suite and the Junior Suite, which say nothing about ADA compliance or accessibility; there is no mention of any accessibility features in the room details, and thus no way for Plaintiff (or anyone else) to determine whether the room meets his disability needs.

27.     Additionally, on this same "Rooms & Suites" page, a Frequently Asked Questions section is provided, and includes a question regarding available ADA accommodations. However, the response only states "*we provide ADA-compliant King and Twin rooms designed for accessibility,*" without providing any information regarding accessible features.

28.     After selecting the "*Amenities*" section, a list and descriptions of the hotel amenities are provided; however, this does not include any descriptions or any information regarding accessibility.

29.     Furthermore, when '*Book Now'* is selected, rooms available for booking online appear, and there are two rooms called '*1 King Bed Classic Accessible,'* and the *'2 Double Beds Classic Accessible'* however the only accessible feature listed for these is '*accessible security latches,'* providing no further information or features regarding accessibility.

30.     The Website also has no accessibility information concerning common areas and hotel amenities, there is no indication that the Hotel common areas meet the 1991 Standards, or alternatively, as examples:

      a.   Whether the public entrance to the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

      b.   Whether the registration desk at the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

      c.   Whether any business center complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

8

Docusign Envelope ID: 9993EFA4-074E-4AD2-A5CE-E78EDDD6FF97

d.  Whether any meeting/ballroom areas comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

e.  Whether the route from the public entrance to the registration desk is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

f.  Whether the route from the registration desk to the accessible rooms is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

g.  Whether the route from the public entrance to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

h.  Whether the route from the accessible guestrooms to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so

that Plaintiff and other disabled individuals can evaluate whether

it is accessible to them;

31.   This is not intended to be an exclusive list, and Plaintiff brings this action to remediate all violations of the ADAAG found to exist upon the Website, and upon all online reservation platforms used by the Hotel.

32.   In addition to the list above, upon information and belief, Defendant may not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. Discovery is required on these issues.

33.   Plaintiff will visit the Website again and will visit the Website and online reservation platforms controlled by Defendant again, upon the Defendant's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features, learn about the accessible (and inaccessible) features of guestrooms, assess the extent to which the hotels meet each of their specific accessibility needs, and determine whether they can reserve an accessible guestroom.

34.   Defendant has discriminated against Plaintiff and all other mobility-impaired individuals, by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Websites, due to the continuing ADA and ADAAG violations as set forth above. Defendant has had fourteen (14) years to bring the

Docusign Envelope ID: 9993EFA4-074E-4AD2-A5CE-E78EDDD6FF97

Website (and other online reservation platforms, as applicable) into compliance with the ADAAG revisions, but has failed or refused to do so.

35.     Modifying the Website (and other online reservation platforms, as applicable) to comply with the ADA and ADAAG is accomplishable without undue burden or expense and is readily achievable. But in any event, upon information and belief, the Website has been altered, updated, and edited, after 2010, but not in a manner compliant with 2010 ADAAG standards.

36.     Defendant will continue to discriminate against Plaintiff and all other disabled individuals who access the Website (and other online reservation platforms, as applicable) unless and until Defendant modifies the Website (and other online reservation platforms, as applicable) to set forth all required information, as set forth above.

37.     Plaintiff is without an adequate remedy at law and are suffering irreparable harm, and Plaintiff reasonably anticipates that he will continue to suffer this harm unless and until Defendant is required to correct the ADA violations found upon the Websites (and other online reservation platforms, as applicable), and to maintain the Websites (and other online reservation platforms, as applicable), inclusive of the online reservation system, and accompanying policies and procedures, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

38.     Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff, including an Order that compels Defendant to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its Website (and other online reservation platforms, as applicable), and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l).

## COUNT II
## VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

Docusign Envelope ID: 9993EFA4-074E-4AD2-A5CE-E78EDDD6FF97

39.     Plaintiff re-avers the allegations set forth above as though fully set forth herein.

40.     The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being
> the owner, lessee, proprietor, manager, superintendent, agent or
> employee of any place of public accommodation.... because of the
> ... disability ... of any person, directly or indirectly, to refuse,
> withhold from or deny to such person any of the accommodations,
> advantages, facilities or privileges thereof ... to the effect that any
> of the accommodations, advantages, facilities and privileges of any
> such place shall be refused, withheld from or denied to any person
> on account of ... disability ... [2]

41.     The Website (and other online reservation platforms, as applicable) is a gateway to, and a part of, the Hotel, which is a place of public accommodation as defined by the New York State Human Rights Law.

42.     By maintaining barriers that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of disability, accommodations, advantages, facilities or privileges of the Hotel. The failure by Defendant to act to identify and remove these barriers, which have been illegal since March 15, 2012, can be construed as "negligence per se."

43.     Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seek judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to §297(9) thereof.

## COUNT III
## VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

44.     Plaintiff re-avers the allegations set forth above as though fully set forth herein.

---

[2] NYS Exec. Law § 296 (2)(a).

Docusign Envelope ID: 9993EFA4-074E-4AD2-A5CE-E78EDDD6FF97

45.     The New York City Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being
> the owner, lessee, proprietor, manager, superintendent, agent or
> employee of any place or provider of public accommodation
> because of the actual or perceived...disability...of any person,
> directly or indirectly, to refuse, withhold from or deny to such
> person any of the accommodations, advantages, facilities or
> privileges thereof...to the effect that any of the accommodations,
> advantages, facilities and privileges of any such place or provider
> shall be refused, withheld from or denied to any person on account
> of ...disability...[3]

46.     Defendant is in violation of the New York City Human Rights Law by denying the
Plaintiff full access to all the accommodations, benefits, and services, available appurtenant to the
Hotel, as described above.

47.     Plaintiff has been damaged and will continue to be damaged by this discrimination
as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to the
New York City Human Rights Law, and all relief provided for thereunder.

WHEREFORE, Plaintiff, ERIC ROGERS, respectfully requests that this Court enter
judgment in her favor, and against Defendant, as follows:

a.     A declaration that the Website (and other online reservation platforms, as
applicable) is owned, leased, operated, and/or controlled by Defendant is in
violation of the ADA, NYSHRL, and/or NYCHRL;

b.     Temporary and permanent injunctive relief enjoining Defendant from continuing
its discriminatory practices, including the requirement that Defendant permanently
implement policies, practices, procedures, including online content, consistent with

---

[3] NYC Admin Code § 8-107(4)(a)

the mandates of the 2010 ADAAG Standards on its Website (and other online reservation platforms, as applicable);

c.   Temporary and permanent injunctive relief enjoining Defendant from maintaining or controlling content on any Website through which it is offering online reservations for any hotel that it owns or operates, unless such Website and online reservation system fully comply with 28 C.F.R. §36.302(e)(l);

d.   An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff;

e.   An award of compensatory and other damages deemed just and appropriate pursuant to NYSHRL and NYCHRL, to Plaintiff; and

f.   Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

DATED this **11th** day of October 2024

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
1213 S.E. Third Ave.
Fort Lauderdale, FL 33316
PH:     (954) 745-0588

By: _/s/ Nolan K. Klein_
NOLAN KLEIN, ESQ.
klein@nklegal.com
amy@nklegal.com

## **VERIFICATION**

I hereby certify that I have read the allegations in the above complaint and the allegations are true and correct to the best of my knowledge, information, and belief.

ERIC ROGERS

14